IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


SUSAN CLEMENTS-JEFFREY, et al.,   :

       Plaintiffs,            :

       vs.                           Case No. 3:09cv84
                              :
CITY OF SPRINGFIELD, OHIO, et al.,   JUDGE WALTER HERBERT RICE
                              :
       Defendants.

---

DECISION AND ENTRY OVERRULING MOTION OF DEFENDANTS
ABSOLUTE SOFTWARE, INC., AND KYLE MAGNUS TO DISMISS
FIRST AND EIGHTH CLAIMS IN PLAINTIFFS' FIRST AMENDED
COMPLAINT (DOC. #34), TREATED AS A MOTION FOR JUDGMENT
ON THE PLEADINGS, PURSUANT TO FED. R. CIV. P. 12(c)

---

Pursuant to the reasoning and citations of authority set forth below, the Motion to Dismiss of Defendants Absolute Software, Inc.("Absolute"), and Kyle Magnus ("Magnus") (Doc. #34), treated as a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), given that the pleadings were closed at the time of the filing of the Motion, is deemed by this Court to be not well taken and same is, therefore, overruled in its entirety.

In ruling as aforesaid, this Court sets forth the following, non-exclusive observations:

1.      Given that the pleadings were closed, when the Defendants filed their Motion to Dismiss, said Motion is treated as a Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), a motion for which the Court utilizes an identical standard to that which would have applied under Rule 12(b)(6). Jelovsek v. Bredesen, 545 F.3d 431, 435 (6th Cir. 2008).  In Prater v. City of Burnside, Ky., 289 F.3d 417 (6th Cir. 2002), the Sixth Circuit reiterated the fundamental principles which govern the ruling on a motion to dismiss under Rule 12(b)(6):

> The district court's dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is also reviewed de novo. Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  When deciding whether to dismiss a claim under Rule 12(b)(6), "[t]he court must construe the complaint in a light most favorable to the plaintiff, and accept all of [the] factual allegations as true." Id. (citation omitted).

Id. at 424.  In Swierkiewicz v. Sorema N.A., 532 U.S. 506 (2002), the Supreme Court noted that Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 212.  Therein, the Court explained further:

> Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.  See id., at 47-48; Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168-169 (1993).  "The provisions for discovery are so

> flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, p. 76 (2d ed. 1990).

Id. at 512-13. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court rejected the standard established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that a claim should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at —. The Supreme Court recently expounded upon Twombly in Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937 (2009), writing:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. Id., at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557.
>     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., at 557 (brackets omitted).

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Id. at 1949-50.[1]

2. With their First Claim for Relief, the Plaintiffs have set forth a claim of invasion of privacy under the common law of Ohio. In Housh v. Peth, 165 Ohio St. 35, 133 N.E.2d 340 (1956), the Ohio Supreme Court first recognized a cause of action for invasion of privacy and listed three instances in which the claim could be brought:

---

[1] Herein, the heightened pleading rules established by the Supreme Court in Twombly and Iqbal are not dispositive or even in issue, given that the moving Defendants have not argued that the Plaintiffs' First Amended Complaint (Doc. #30) must be dismissed as a result of factual defects. On the contrary, those Defendants contend that Plaintiffs' pleading must be dismissed, because certain admissions therein render it impossible for them to recover on their First and Eighth Claims for Relief.

> An actionable invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

Id., 133 N.E.2d at 341 (¶ 2 of the syllabus). Herein, the Plaintiffs' claim of invasion of privacy is predicated on the third category listed in Housh, i.e., the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.[2]

3. Absolute and Magnus argue that, since Plaintiffs allege that the computer in question was stolen, and, further, since one cannot take title from a thief, Plaintiffs did not have an expectation of privacy in the computer.[3] According to Absolute and Magnus, this Court must, therefore, dismiss the Plaintiffs' First Claim for Relief. This Court finds this logic to be illogical, in the context of the captioned

---

[2] Parenthetically, in Welling v. Weinfeld, 117 Ohio St.3d 464, 866 N.E.2d 1051 (2007), the Ohio Supreme Court recognized a fourth category of invasion of privacy torts, based upon false light.

[3] Plaintiffs argue that they have not alleged that the computer in question was stolen. While such a specific allegation is missing from the Plaintiffs' First Amended Complaint, the only fair inference to be drawn from the factual allegations therein is that Plaintiff Susan Clements-Jeffrey purchased a computer that had been stolen from Clark County, Ohio. Such a fair and reasonable inference does not mean, however, that one can reasonably infer that Plaintiff Clements-Jeffery knew the computer was stolen when she purchased it, particularly in view of the facts alleged that the computer was inoperable when it was so purchased, and did not become operable until a colleague worked on it and was able to get it running.

matter, given that the only fair construction of Plaintiffs' First Amended Complaint (Doc. #30) is that Susan Clements-Jeffrey purchased the computer, not knowing that it was stolen, rather than stealing it in the first instance or, alternatively, purchasing it knowing it had been stolen. Further, giving Plaintiffs all reasonable inferences from the facts plead, her purchase of the computer, for what appeared to be a "bargain," was not unusual, given that when it was presented to her for purchase, same was inoperable. Ohio courts have held that the tort of invasion of privacy "vindicates an individual's reasonable expectation of privacy and seclusion rather than a specific property right." Sowards v. Norbar, Inc., 78 Ohio App.3d 545, 555, 605 N.E.2d 468, 474 (1992). Accordingly, rather than a property right in the computer itself, Plaintiffs claim a reasonable expectation of privacy in the communications they exchanged thereon.

4. Construing the allegations in Plaintiffs' First Amended Complaint in the manner most favorable to them, Plaintiffs have set forth a claim for invasion of privacy against Absolute Software and Magnus, given that they had a reasonable expectation of privacy in the communications sent forth by and between them. This is particularly true of the Plaintiff Carlton Smith, whose only involvement with the computer in question was to receive personal, confidential communications from his Co-Plaintiff, Clements-Jeffrey, and, in turn, to send similar messages to her. In reaching that conclusion, this Court declines to extend the decisions relied

upon by the Defendants, wherein courts have held that the thief of a personal computer does not have a reasonable expectation of privacy in the computer, for purposes of the Fourth Amendment. See e.g., United States v. Caymen, 404 F.3d 1196 (9th Cir. 2005); United States v. Wong, 334 F.3d 831 (9th Cir. 2003); United States v. Lyons, 992 F.2d 1029 (10th Cir. 1993); Hicks v. State, 929 So.2d 13 (Fla. App. 2006). Given that the Plaintiffs do not allege that either of them stole the computer or that such is a reasonable inference from the facts plead, those decisions do not cause this Court to conclude that their invasion of privacy claims, set forth in the First Claim for Relief of their First Amended Complaint, must be dismissed. It bears emphasis that Absolute and Magnus have failed to cite a single decision in which a court, applying the common law of Ohio or of any other jurisdiction that recognizes the tort of invasion of privacy, has held that an individual, such as Smith, does not have a reasonable expectation of privacy in his communications with someone who obtained her computer from a thief, without knowing or having reason to know that the computer had been stolen. Nor have they cited a decision by such a court, holding that a person using a computer which she, like Clements-Jeffery, purchased from a thief, without knowing that the computer had been stolen, does not have a valid claim of invasion of privacy for the interception of confidential communications using that computer. Whether this Court will eventually rule against Plaintiffs on this claim, thus writing new law on a

blank slate, will depend on a far more factually developed record than presently exists.

5.  With their Eighth Claim for Relief, Plaintiffs seek to recover from Absolute and Magnus under the Electronic Communications Privacy Act, 18 U.S.C. § 2510, et seq., based on the alleged intentional, willful and malicious interception of communications between Plaintiffs by those Defendants, and their subsequent disclosure of same to the Springfield Police Department and its employees. Absolute and Magnus move to dismiss this claim, arguing that Plaintiff Clements-Jeffrey, as a computer trespasser, had no reasonable expectation of privacy in the computer or its communications.[4] This Court finds said argument to be not well taken. The "computer trespasser" defense is applicable only to a person acting under color of law. 18 U.S.C. Section 2511(2)(I). Whether Absolute Software and its employee, Magnus, were acting under color of law at the time of access to the Plaintiff Clements-Jeffrey's personal, confidential communications (or as an agent of someone so acting), and, further, whether the computer in question was a

---

[4]Defendants phrase this argument in terms of Clements-Jeffrey lacking standing to proceed with her claim under this statute. Although she may be required to establish that she is not a "computer trespasser" to prevail on this claim, that question goes to the merits of her claim, rather than being pertinent to the question of whether Clements-Jeffery has standing to initiate this litigation. It is axiomatic that courts must not conflate the standing inquiry with the merits of a claim. See e.g., Pitt County v. Hotels.com, L.P., 553 F.3d 308, 312 (4th Cir. 2008).

protected computer, within the meaning of the law, must await a properly documented motion for summary judgment for resolution.

WHEREFORE, based upon the aforesaid, this Court finds not well taken and does, therefore, overrule the Motion of the Defendants Absolute Software and Kyle Magnus, seeking an Order of the Court dismissing the first and eighth claims for relief set forth in Plaintiff's First Amended Complaint, said motion treated as a Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c) (Doc. #34).

|  |  |
|---|---|
| March 24, 2010 | /s/ Walter Herbert Rice<br>WALTER HERBERT RICE<br>UNITED STATES DISTRICT JUDGE |

Copies to:

All Counsel of Record