# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SUSAN CLEMENTS-JEFFREY,

       Plaintiff,                  :        Case No. 3:09-cv-084

                                       District Judge Walter Herbert Rice
   -vs-                                Magistrate Judge Michael R. Merz

                                   :

CITY OF SPRINGFIELD, OHIO, et al.,

       Defendants.

## DECISION AND ORDER

This case is before the Magistrate Judge on a fresh Order of Reference from Judge Rice (Doc. No. 104).  Consonant with the Magistrate Judge's Notice to the Parties (Doc. No. 100), Judge Rice has referred the pending discovery motions, but not the pending motions for summary judgment or the pending motion in limine and has advised the Magistrate Judge that the motion in limine does not have to be decided before any of the discovery motions.

**Continuance under Fed. R. Civ. P. 56(f)**

Plaintiffs, in a Motion filed November 9, 2010 (Doc. No. 81), seek an extension of their time to respond to the pending summary judgment motion of Defendants Absolute and Magnus until the fourteenth day "after resolution of a discovery dispute regarding improper responses to Plaintiffs' Requests for Admissions and the Court's ruling on a Motion in Limine to exclude Defendants' expert witness, whose deposition was taken last week [i.e. the week of November 1, 2010] and on whose opinions their Motion for Summary Judgment is in part based."  Based on Judge Rice's

communication, the Magistrate Judge understands that Plaintiffs no longer seek delay until after decision on the motion in limine.  The Absolute/Magnus Summary Judgment Motion was filed October 22, 2010, and thus Plaintiffs' opposition, in the absence of the instant Motion, would have been due November 15, 2010, but was later extended by agreement to the fourteenth day after a decision on the Fed. R. Civ. P. 56(f) Motion (Notation Order granting Doc. No. 86).  At the time Plaintiffs' filed the instant Motion, the discovery cut-off was set for October 29, 2010, and had expired (Doc. No. 50), depriving the Magistrate Judge of authority to consider the Motion until the new Order of Reference was filed.

Fed. R. Civ. P. 56 was amended by the Supreme Court, effective December 1, 2010, so that the relevant provision is now Fed. R. Civ. P. 56(d) which provides

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may
> (1)    defer considering the motion or deny it;
> (2)    allow time to obtain affidavits or declarations or to take discovery; or
> (3)    issue any other appropriate order.

Plaintiffs do not show why they cannot respond to the Absolute/Magnus motion by presenting "facts essential to justify [their] opposition."  Instead, they argue that proper responses to their requests for admission would be one way – they way they have chosen – of obtaining those facts.  In their Motion on Sufficiency of Answers and Objections (Doc. No. 84), they disclaim any attempt to compel admissions to their requests for admission, conceding that in the face of denial they will be compelled to proceed to recover their costs of proving the facts in question.

The Court therefore proceeds to determine the sufficiency of the responses.

Request for Admission No. 1.  The Court sustains Defendants' vagueness/ambiguity objection.

Request for Admission No. 2.  The Court overrules Defendants' objections.  Defendant Absolute shall admit or deny the request not later than May 1, 2011.

Request for Admission No. 3.  The Court sustains Defendants' vagueness/ambiguity objection.

Request for Admission No. 4.  The Court sustains Defendants' objection that the request is compound.

Request for Admission No. 5.  The Court sustains Defendants' vagueness/ambiguity objection.

Request for Admission No. 6.  The Court overrules Defendants' objections.  Defendant Absolute shall admit or deny the request not later than May 1, 2011.

Request for Admission No. 7.  The Court sustains Defendants' vagueness/ambiguity objection.

Request for Admission No. 8.  The Court sustains Defendants' objection that the request is compound.

Request for Admission No. 9.  The Court sustains Defendants' vagueness/ambiguity objection.

Request for Admission No. 10.  The Court overrules Defendants' objections.  Defendant Absolute shall admit or deny the request not later than May 1, 2011.

Request for Admission No. 11.  The Court sustains Defendants' objection that the request is compound.

Request for Admission No. 12.  The Court sustains Defendants' objection that the request is compound.

Request for Admission No. 13.  The Court sustains Defendants' objection that the request is compound.

Request for Admission No. 14.  The Court sustains Defendants' objection that the request is compound.

Request for Admission No. 15.  The Court sustains Defendants' objection that the request is compound.

Request for Admission No. 16.  The Court sustains Defendants' objection that the request is compound.

Requests No. 17 and 18.  No further ruling is sought.

Request for Admission No. 19.  The Courts sustains Defendants' objections that this request is vague or ambiguous and also that it is compound.

Request for Admission No. 20.  The Court sustains Defendants' vagueness/ambiguity objection.

Request for Admission No. 21.  The Court sustains Defendants' vagueness/ambiguity objection.

Request for Admission No. 22.  The Court sustains Defendants' vagueness/ambiguity objection.

Plaintiffs memorandum in opposition to Defendant Absolute's and Magnus' summary judgment motion shall be filed not later than May 10, 2011.

April 18, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge