# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SUSAN CLEMENTS-JEFFREY,

       Plaintiff,      :      Case No. 3:09-cv-084

                                       District Judge Walter Herbert Rice
    -vs-                              Magistrate Judge Michael R. Merz

                                :

CITY OF SPRINGFIELD, OHIO, et al.,

       Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion to Compel a Proper Deposition Designee from Defendant Absolute Software, Inc. (Doc. No. 97). Defendant Absolute opposes the Motion (Doc. No. 101) and Plaintiffs have filed a Reply in support (Doc. No. 102).

Plaintiffs assert that they have served an appropriate notice of deposition under Fed. R. Civ. P. 30(b)(6), seeking the designation of a witness "to testify in response to questions seeking non-privileged information regarding its knowledge of, compliance with, and training regarding the federal electronic data statutes and privacy interests at issue in this case." (Motion, Doc. No. 97, PageID 1430). However, no copy of the notice has been attached. Plaintiffs further represent that Defendant Absolute previously designated Timothy Smail as a witness under Fed. R. Civ. P. 30(b)(6) and that his deposition transcript "is being filed." *Id.* PageID 1431. However, neither the transcript nor the notice for that deposition is attached or otherwise on file[1]. Counsel refers to an

---

[1] A June 14, 2010, email from Michael Moore to Raquel Vallejo and Nathan Meyer lists four topics for a 30(b)(6) deposition which do not include the topics sketched in the Motion to Compel. Defendant Absolute treated this as the notice of deposition for which Mr. Smail was designated. Declaration of Nathan D. Meyer attached to Doc. No. 101.

1

extended colloquy on the privilege questions, but the colloquy is not before the Court.

On November 21, 2010, Mr. Moore again wrote to Mr. Mayer saying that he would be serving a 30(b)(6) notice of deposition on the topics covered by the Motion to Compel. (PageID 1486). Defendant asserts that no such deposition notice was ever served, although some notice was filed at about this time and properly deleted by the Clerk pursuant to Fed. R. Civ. P. 5 (See Doc. No. 88).

In the absence of a notice of 30(b)(6) deposition showing service on Defendant Absolute, the Court declines to compel the sought designation. The Court cannot adjudicate the claims regarding attorney-client privilege in the absence of a transcript of the Smail deposition in which the questions were asked and instructions not to answer were given.

The Motion to Compel as presently before the Court is denied. The Magistrate Judge notes that Judge Rice has not reopened discovery in the recent Entry of Continuance (Doc. No. 103).

April 19, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
