# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SUSAN CLEMENTS-JEFFREY,

      Plaintiff,              :        Case No. 3:09-cv-084

                                  District Judge Walter Herbert Rice
    -vs-                            Magistrate Judge Michael R. Merz

                              :

CITY OF SPRINGFIELD, OHIO, et al.,

      Defendants.

## DECISION AND ORDER ON MOTION FOR RECONSIDERATION

On April 19, 2011, the Court denied Plaintiff's Motion to Compel a Proper Deposition Designee from Defendant Absolute Software, Inc., because it was not supplied with the referenced deposition notice (Doc. No. 107, PageID 1506). The Magistrate Judge also declined to rule on the claims of privilege made in the Smail deposition in the absence of a transcript of that deposition. *Id.*

Plaintiff has now moved to reconsider because, as her counsel notes, the Smail deposition had been filed, albeit under seal (Doc. No. 108). The Court has now reviewed that transcript.

Plaintiff's counsel confusingly writes "Defendant Absolute has not defended the objections and refusals to answer involving privileges on the basis of a defective 30(b)(6) notice." (Motion, Doc. No. 108, PageID 1508). However, the objections made by Mr. Meyer during the course of the deposition include repeated objections that the questions are beyond the scope of the notice (Smail Depo., p. 80, ll. 10-11; p. 81, ll. 18-19; p. 82, ll. 11-12, ll. 15-16; p. 83, ll. 3-5). Furthermore, in its Memorandum in Opposition to the Motion to Compel, Defendant Absolute repeated that objection (Doc. No. 101, PageID 1474-1475). A copy of the Notice of Deposition is before the Court as an

attachment to Doc. No. 101 and the scope of the deposition is described by Mr. Moore, who was then serving as one of Plaintiff's counsel, as follows:

> 1. Operation of the Computrace agent in its call in from target computer;
> 2. Downloading of remote access tools to the target computer;
> 3. Operation of the key capture tool in the target computer and in forwarding data to the servers;
> 4. Electronic recording of activity in a particular investigation and record storage and retention of information on investigations.

*Id.* PageID 1485. The questions put to Mr. Smail at the points in the deposition where scope objections were made all call for information beyond the scope of the notice. Those objections are sustained and the Motion to Compel is again denied. The Court declines to rule on the attorney-client privilege questions because a ruling either way on those questions would not change the outcome on the Motion to Compel.

May 13, 2011.

s/ **Michael R. Merz**<br>
United States Magistrate Judge